

The following constitutes the order of the court.
Signed February 27, 2018

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 17-42410 |
| | Chapter 13 |
| Jennifer Vera Gutierrez, | |
| Debtor. | |

**MEMORANDUM PURSUANT TO RULE 8008(a)(3)**

This case was filed on September 25, 2017 and is the latest in a string of fourteen bankruptcies filed by Debtor since 2007. This case is the second case pending and dismissed within the last year. Additionally, Debtor's husband has filed multiple cases in the same time period. This petition was incomplete as filed because Debtor did not include nearly every document required to be filed with a bankruptcy petition (including schedules, a summary of assets and liabilities, a disposable monthly income calculation, or a plan), and accordingly, the Court issued an *Order to File Required Documents* (doc. 5) setting the deadline for Debtor to file such documents (among others) by 14 days from the petition date (October 9, 2017). On October 5, 2017, Debtor filed a *Motion to Extend Time to File Documents* (doc. 16) in which she requested the Court extend the October 9 deadline by two weeks. On October 6, in light of

1   Debtor's extensive experience in the bankruptcy system, the Court granted a one-week

2   extension rather than the two-week extension requested by Debtor (doc. 18).

3          On October 5, 2017, Pacific Gas and Electric ("PG&E"), holder of an unsecured claim

4   in the amount of $15,944.03, moved to dismiss the case for abuse and requested the Court bar

5   Debtor from bankruptcy for ten years and sanction Debtor $10,000 (doc. 12). This motion was

6   set for hearing on November 9, 2017. The Trustee later joined the motion to dismiss and bar

7   Debtor for abuse but only as to a 12-month bar (doc. 23).

8          The case was dismissed on October 17, 2017 (doc. 26) for failure to comply with the

9   October 12 deadline. On October 23, 2017, Debtor filed an *Ex-parte Motion to Vacate*

10  *Dismissal* (doc. 32), to which PG&E promptly objected (doc. 33). This motion was also set for

11  hearing on November 9, 2017. The grounds for Debtor's motion to vacate were that she was

12  unable to comply with the deadline to file her documents because she was dealing with a

13  medical emergency in her family, her attorney could not file the documents electronically, and

14  she did not get notice of the extension in the mail quickly enough.

15         At the hearing on November 9, 2017, the Court denied Debtor's motion to vacate the

16  dismissal because Debtor has enough experience in bankruptcy to know which documents must

17  be filed with a petition and what the deadlines are. Debtor has had many cases dismissed for

18  failure to file documents, and this is merely the latest. The Court granted PG&E's motion to

19  bar the Debtor (for one year, not ten) in light of her serial and abusive bankruptcy filings but

20  declined to impose a monetary sanction.

21         On February 6, 2018, Debtor filed a *Motion to Stay Pending Appeal* (doc. 74). The

22  Court set a hearing on that motion for February 20, 2018. While making final preparations for

23  that hearing, the Court noticed an error in the order granting Debtor's one-week extension to

24  file documents that had gone previously unnoticed by the Court and all parties. The order

25  granting Debtor an extension to file documents stated Debtor's motion was granted as to a one-

26  week extension but set the new deadline for October 12, 2017, which was in fact only an

27  extension of 3 days from the original October 9 deadline. A one-week extension of the deadline

28  to file would have set a new deadline for October 16, 2017. The case was dismissed on October

Case: 17-42410    Doc# 89    Filed: 02/27/18    Entered: 02/27/18 17:05:05    Page 2 of 5

1    17 (doc. 26) for failure to comply with the October 12 deadline. Debtor filed her outstanding

2    documents on October 17, but such documents were not entered into the docket until the

3    morning of October 18.

4         Federal Rule of Bankruptcy Procedure 8008(a)(3) allows courts to inform an appellate

5    court when a motion is filed regarding a matter, jurisdiction over which has been divested by

6    an appeal, that raises a substantial issue. Although Debtor's motion did not raise this issue, the

7    Court believes the spirit of the rule counsels advising the Bankruptcy Appellate Panel ("BAP")

8    as follows.

9         While Debtor styled her motion as a request for a stay pending appeal of the order

10   denying her motion to vacate the dismissal, she appears to be truly asking the Court to

11   reconsider that order and vacate the dismissal. The Court believes (as stated in more detail at

12   the hearing) that the timing of Debtor's motion requesting a stay and its contents indicate that

13   Debtor is not asking the Court to modify or stop the implementation of an order. The order

14   dismissing her case has been effective for several months. Rather, Debtor wants the Court to

15   change its mind and vacate the dismissal order. Accordingly, the Court treats her motion as a

16   motion to reconsider under Federal Rule of Civil Procedure 60(b).

17        "The filing of a notice of appeal is an event of jurisdictional significance – it confers

18   jurisdiction on the court of appeals and divests the district court of its control over those

19   aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S.

20   56, 58 (1982). The discovery of the above-described error raises a substantial issue with respect

21   to Debtor's construed motion to reconsider, which requests relief the Court lacks authority to

22   grant as such authority has been divested by the appeal. Debtor has appealed to the BAP the

23   denial of her motion to vacate the dismissal order. If the order granting the extension had

24   properly, pursuant to the Court's intent, set the extension deadline for October 16, 2017, would

25   the Court have decided Debtor's motion to vacate differently? Would Debtor still have filed the

26   documents late if she had believed an October 16 filing would have been timely? The Court

27   simply cannot know. Therefore, the Court believes the BAP should be advised of the error in

28   the order granting an extension to Debtor pursuant to Federal Rule of Bankruptcy Procedure

Case: 17-42410    Doc# 89    Filed: 02/27/18    Entered: 02/27/18 17:05:05    Page 3 of 5

8008(a)(3). Pursuant to Federal Rule of Bankruptcy Procedure 8008(b), the Movant (Ms. Gutierrez) should notify the clerk of the BAP of this memorandum and that her motion has raised a substantial issue that this Court would deal with were the case to be remanded for that purpose.[1]

**\*END OF MEMO\***

---

[1] Finally, the Court notes that Debtor has also appealed the order granting PG&E's motion to bar Debtor from filing to the extent of a one-year bar. The error discussed above does not raise a substantial issue as to any motion to reconsider the one-year bar to filing future cases.

4

1

2                          <u>**COURT SERVICE LIST**</u>

3   **Jennifer Vera Gutierrez**
    3985 Bolinas Place
4   Discovery Bay, CA 94505

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28